STATE of Minnesota, Respondent,

v.

Jeffrey Joseph PENDLETON,
Petitioner.

No. C0-88-1439.

Court of Appeals of Minnesota.

Aug. 9, 1988.

Todd W. Bjerke, Asst. Redwood Co. Atty., Redwood Falls, for respondent.

Cecil Naatz, Marshall, for petitioner.

Considered at Special Term and decided by WOZNIAK, C.J., and FOLEY and NORTON, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Pendleton is charged with possession of a sawed-off shotgun, Minn.Stat. § 609.67, subd. 2 (1986), possession of stolen property, Minn.Stat. § 609.53, subd. 1(1) (1986), and possession of a handgun by a felon, Minn.Stat. § 624.713, subd. 1(b) (1986). These items were all apparently seized from Pendleton's house in a search conducted pursuant to a search warrant on April 1, 1988. Pendleton seeks discretionary review of the order denying his motion to suppress these items of evidence.

Pendleton argued at the omnibus hearing that the seized items should be suppressed because the search warrant application contained material misrepresentations. He claims the police officer in the application did not reveal that the informant accused another person, or that the informant was intoxicated. He also points to the officer's failure to corroborate any of the informant's information.

The state conceded the informant was intoxicated, although only moderately, but contended the officer knew him to be chronically drunk and considered his information nonetheless reliable.

A defendant may seek discretionary review of a pretrial order. Minn.R.Crim.P. 28.02, subd. 3. A defendant, however, may also obtain expedited appellate review of a fourth amendment issue by waiving a jury trial, stipulating to the facts and appealing from any judgment of conviction. *State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn. 1980). This procedure has been employed in many prosecutions for possession offenses, in which the defendant's only viable defense may be the suppression of the evidence on fourth amendment grounds. *See, e.g., id; State v. Hanson*, 364 N.W.2d 786, 787 (Minn.1985) (possession of marijuana charge).

Pendleton has a right to review of the suppression order if he is convicted and judgment is entered. He seeks pretrial appellate review in order to avoid the time and expense of trial. However, that is the purpose of the *Lothenbach* procedure. We believe a defendant charged with a possession offense who seeks discretionary review should be required to discuss why it is "in the interests of justice," Minn.R.Crim. P. 28.02, subd. 3, not to require that he proceed under *Lothenbach*. This can be done either by a statement of facts or inclusion of portions of the record estab-

lishing the state of the evidence and any available defenses. Pendleton has not made such a showing.

Petition for discretionary review denied.