**STATE of Minnesota, Respondent,**

v.

**Cheryl Ann SMITH, et al., Appellants.**

No. C6–02–1808.

Court of Appeals of Minnesota.

Feb. 11, 2003.

Gregory R. Anderson, Anderson, Larson, Hanson & Saunders, Willmar, MN, for appellants.

Mike Hatch, Attorney General, St. Paul, MN; and Gayle A. Borchert, Assistant Meeker County Attorney, Litchfield, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, LANSING, Judge, and MINGE, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

Appellants filed a petition for discretionary "appeal" of a pretrial order denying their motion to dismiss the complaint charging them with deprivation of parental rights. This court questioned jurisdiction because it appeared that no judgment of conviction had been entered, but we gave appellants an opportunity to show why discretionary review should be granted. Because we conclude that appellants have not shown a compelling reason to grant discretionary review, we deny that request and dismiss the appeal.

## FACTS

Appellants Cheryl Ann and Dean Smith have been charged in a criminal complaint with depriving Cheryl Smith's ex-husband, Eldon Raasch, of his parental rights. *See* Minn.Stat. § 609.26, subd. 1(1) (2000). As the district court found in its order denying appellants' motion to dismiss, appellants are married and are the biological parents of T.D.S.R., who is eight years old.

In 1997, appellants entered into a stipulation with Raasch, who was married to Cheryl Smith at the time of T.D.S.R.'s birth. The stipulation acknowledged Dean Smith as T.D.S.R.'s biological father but awarded Raasch visitation (now termed "parenting time" in the statute) with T.D.S.R. Raasch also has joint legal and physical custody of J.A.R., a child of his marriage to Cheryl Smith.

In May 2002, Raasch reported to police that Cheryl Smith had apparently left the area, taking T.D.S.R. and J.A.R. without notifying school officials. Appellants remained missing, along with the children, until they surrendered to police on June 28, 2002.

Appellants filed a motion in the district court to dismiss the resulting complaint on the grounds that Raasch had only a "contractual right" to visit T.D.S.R., not a "parental right" a violation of which would support a criminal charge under Minn. Stat. § 609.26, subd. 1(1). The district court denied the motion, concluding that Raasch's enforceable right to spend time with T.D.S.R. fell within the definition of "parenting time" in Minn.Stat. § 518.003, subd. 5, and therefore was a "parental right" under Minn.Stat. § 609.26, subd. 1(1). The court relied in part on this court's unpublished opinion in the related civil action, which held that Raasch had an enforceable right to visitation (parenting time), not merely a contractual right. *Smith v. Raasch*, No. C9–01–951, 2002 WL 109481 (Minn.App. Jan.29, 2002), *review denied* (Minn. Mar. 19, 2002).

Appellants filed a notice of appeal from the district court order, along with a statement of the case citing Minn. R.Crim. P. 28.02, subd. 3 and Minn. R. Civ.App. P. 103.03(j) as the jurisdictional bases for the appeal. This court questioned jurisdiction because it appeared that the district court order was a pretrial order that was not appealable as of right. The order asked the parties to address whether the appeal should be construed as a petition for discretionary review and whether there was a compelling reason to grant discretionary review. The parties filed jurisdictional memoranda with the court.

## ISSUES

I. Should the notice of appeal be construed as a petition for discretionary review?

II. Have appellants shown a compelling reason to grant discretionary review?

## ANALYSIS

### I.

■ Criminal defendants, except in two situations not present here, may not appeal from an order issued before the final judgment of conviction has been entered against them. Minn. R.Crim. P. 28.02, subd. 2(2). Appellants concede that the district court order denying their motion to dismiss is a nonappealable pretrial order.

The rules of criminal procedure permit this court to allow a "discretionary appeal" from an otherwise nonappealable order upon a petition of the defendant. Minn. R.Crim. P. 28.02, subd. 3. Appellants cited this rule as the jurisdictional basis for this appeal, although they filed a "notice of appeal" rather than filing, as the rule seemingly allows and as many defendants have filed, a "petition" for appeal. Appellants also filed a statement of the case, a document required in appeals filed as of right. They did not file any statement of the facts or issues involved in the appeal, nor did they explain why this court should grant discretionary review. *See* Minn. R. Civ.App. P. 105.02 (outlining required contents of a petition for discretionary review).

A discretionary "appeal" filed in the guise of an appeal as of right,[1] with a notice of appeal and statement of the case, does not alert the opposing party of its opportunity to respond to the request for

---

**1.** The rule refers to a discretionary "appeal." Minn. R.Crim. P. 28.02, subd. 3; *see also State v. Verschelde*, 595 N.W.2d 192, 196 (Minn.1999) (holding this court has jurisdiction to hear discretionary "appeal"). Al-

though this term may create some confusion, it is the form and content of the documents actually filed that determine what type of review is being sought.

discretionary review. *See id.* (providing that response to petition for discretionary review may be filed within five days after service of petition). It also will fail to survive this court's jurisdictional screening because a jurisdictional basis for the appeal must be shown in the statement of the case. *See* Minn. R. Civ.App. P. 133.03, Form 133. Thus, a criminal defendant obtains no benefit from filing a discretionary "appeal" as if it were an appeal as of right. The proper procedure for seeking discretionary review in a criminal case is provided in Rule 105 of the Rules of Civil Appellate Procedure, even though that rule is not referenced in Minn. R.Crim. P. 28.02, subd. 3. Any attempt to proceed otherwise only causes additional work for both the defendant and the court.

■ This court in the order questioning jurisdiction has solicited from appellants a statement of any compelling reasons that might support discretionary review. Thus, we have in effect construed appellants' notice of appeal as a petition for discretionary review. *See State v. Pflepsen,* 590 N.W.2d 759, 764 (Minn.1999) (holding that court of appeals had authority to treat notice of appeal as petition for writ of prohibition). But our authority to do so is discretionary, and this court in future cases is not required to accept notices of appeal or petitions for discretionary "appeal" that show neither a jurisdictional basis for an appeal as of right nor a compelling reason for discretionary review.

## II.

■ Appellants in their jurisdictional memorandum contend that there is a compelling reason for this court to grant discretionary review of the district court's construction of the statute under which they are charged. *See generally State v. Jordan,* 426 N.W.2d 495, 496 (Minn.App.

1988) (denying discretionary review because no "compelling reason" was shown).

Appellants seek to challenge the district court's determination that the visitation with T.D.S.R. to which the victim, Eldon Raasch, was entitled by virtue of a 1997 stipulation between the parties, was "parenting time" for purposes of the criminal statute prohibiting deprivation of parental rights. *See* Minn.Stat. § 609.26, subd. 1(1) (prohibiting concealing a child from a person having "the right to parenting time"). But this court has already reviewed the status of Raasch's "visitation rights," as they were called in the stipulation, in an appeal in the civil proceeding in which the Smiths challenged those rights. *Smith v. Raasch,* No. C9–01–951, 2002 WL 109481 (Minn.App.2002), *review denied* (Minn. Mar. 19, 2002). This court rejected the Smiths' argument that Raasch's rights were fundamentally different than the rights of a parent, or that they were barred by public policy. *Id.*

The issue involved in this criminal prosecution, tied as it is to the language of the criminal statute, is somewhat different. But it involves the application of a statute to the unique facts of this particular case. Appellants do not suggest that this is an issue of statewide importance or that a decision in this case would have wide application. Rather, they seek review because the statutory construction issue is, in their view, dispositive and a decision on it could make a trial unnecessary.

■ Appellants concede that the statutory construction issue is determinative of the prosecution, but they have not proceeded under *State v. Lothenbach,* 296 N.W.2d 854, 857 (Minn.1980) to expedite appellate review. This court held that in prosecutions for possession offenses (where a fourth amendment suppression ruling may be virtually dispositive of the case), a defendant seeking discretionary

review must show why he should not be required to proceed under *Lothenbach* by stipulating to the facts and waiving a jury trial. *State v. Pendleton,* 427 N.W.2d 272, 273 (Minn.App.1988). Appellants are not charged with a possession offense, but they do concede that the pretrial issue on which they seek discretionary review is dispositive of the case. Therefore, they would have no interest in proceeding to an expensive and time-consuming jury trial merely to present a defense on facts that they admit conclusively prove the crime, if the statute is construed as the state argues it should be.

Although the holding in *Pendleton* is by its terms limited to prosecutions for possession crimes, its logic extends to prosecutions for other crimes in which the defendants seeking discretionary review concede that the pretrial legal issue is dispositive. Appellants' interest in avoiding the time and expense of a jury trial, which they can avoid by a *Lothenbach* stipulation, does not by itself establish a compelling reason to extend pretrial discretionary review. Because appellants have shown no other compelling reason, we decline to grant discretionary review in this case.

## DECISION

Appellants improperly filed a notice of appeal form a nonappealable pretrial order to obtain a discretionary "appeal." This court may construe the notice of appeal as a petition for discretionary review, but appellants' jurisdictional memorandum does not establish a compelling reason to grant discretionary review.

**Appeal dismissed.**