**STATE of Minnesota, Respondent,**

v.

**Harvey Mann HENRY, Appellant.**

**No. A11–1600.**

Court of Appeals of Minnesota.

Jan. 9, 2012.

Lori Swanson, Attorney General, St. Paul, MN, and James Backstrom, Dakota County Attorney, Cheri Ann Townsend, Assistant County Attorney, Hastings, MN, for respondent.

Harvey Mann Henry, Bayport, MN, pro se appellant.

Considered and decided by HUDSON, Presiding Judge; WRIGHT, Judge; and CONNOLLY, Judge.

## SPECIAL TERM OPINION

HUDSON, Judge.

This court questioned jurisdiction over this appeal, which was filed by pro se appellant Harvey Mann Henry, from a letter that he received from a district court judge in response to a letter sent by Henry to the judge. Both parties filed jurisdictional memoranda. We conclude that the judge's letter is not an appealable order, and we dismiss.

## FACTS

Henry was convicted and sentenced in October 2007 to 288 months in prison for fleeing a peace officer in a motor vehicle, resulting in the death of one of Henry's passengers. At sentencing, the district court imposed a $77 surcharge and reserved the issue of restitution.

Henry, who was represented by an assistant state public defender, filed a direct appeal in December 2007. The crime victim sought restitution in late January 2008, and the district court ordered restitution on February 15, 2008. Henry, who now claims that he did not receive notice of the victim's restitution request or the district court's restitution order, voluntarily dismissed his direct appeal in April 2008.

In September 2008, Henry, who was still represented by counsel, filed a postconviction petition seeking to withdraw his guilty plea. The district court denied the petition, and this court affirmed. *Henry v.*

*State,* No. A09–0015, 2009 WL 3078457 (Minn.App. Sept. 29, 2009), *review denied* (Minn. Dec. 15, 2009). Henry's second and third postconviction petitions were filed pro se and were also denied by the district court. Henry did not file appeals from those orders.

On August 2, 2011, Henry sent a letter to the district court judge who had sentenced him, inquiring about "the fines you imposed on me during sentencing in my case." The letter did not include any proof that it had been sent to the prosecutor.

On August 5, 2011, the district court judge responded to Henry by letter. The judge explained: "[T]he only amounts due are $77.00 for the surcharge, restitution of $976.44 and a court collector fee of $50.00 because these financial obligations were not paid in a timely manner and required the services of the court collectors." The judge further explained that, at sentencing, "you were advised that you would have to pay restitution," which was subsequently determined to be $976.44.

Henry filed a notice of appeal in September 2011 from the judge's August 5 letter. This court questioned whether Henry's letter could be construed as a motion to correct a sentence or as a petition for postconviction relief, and whether the judge's letter should be treated as an appealable order. Henry filed a jurisdiction memorandum; the state filed a motion to dismiss the appeal.

## DECISION

■ With some exceptions not applicable here, this court has jurisdiction of appeals from all final decisions of the trial courts and of "interlocutory appeals and other matters as may be prescribed in the Rules of Appellate Procedure." Minn. Stat. § 480A.06, subds. 1, 2 (2010). "Appellate jurisdiction attaches only by proper procedure after entry of a formal judgment or order." *State v. Lorenz,* 235 Minn. 221, 222–23, 50 N.W.2d 270, 272 (1951).

A criminal defendant may obtain review by the court of appeals of district court orders and rulings only as provided by the rules of criminal procedure. Minn. R.Crim. P. 28.02, subd. 1. A defendant may appeal as of right from a final judgment or from an order denying a postconviction petition. Minn. R.Crim. P. 28.02, subd. 2. A motion to correct a sentence not authorized by law is often treated as a postconviction petition. *See* Minn. R.Crim. P. 27.03, subd. 9; *Bonga v. State,* 765 N.W.2d 639, 642 (Minn.2009).

A "motion" is defined as "[a] written or oral application requesting a court to make a specified ruling or order," and a "petition" is defined as "[a] formal written request presented to a court or other official body." *Black's Law Dictionary* 1036, 1182 (8th ed.2004). Henry's August 2 letter fails to meet either of these definitions.

In the letter, Henry merely requested clarification or an explanation of his obligations arising from the sentence imposed. As such, his letter does not meet the standards required for petitions for postconviction relief. *See* Minn.Stat. § 590.02, subd. 1 (2010) (requiring postconviction petitions to include, among other things, a statement of facts and grounds for relief). Nor can Henry's letter be construed as a proper motion because it was ex parte and failed to meet the requirements for a written motion. *See* Minn. R.Crim. P. 32, 33.01 (requiring motions to state grounds for the request for relief, be supported by affidavit, and be served on other parties).

■ Thus, Henry's August 2 letter cannot be construed as a motion or petition, and the judge's August 5 response letter was merely an answer to Henry's request for clarification of his obligations. The judge's letter does not grant or deny any

relief and cannot be construed as a final order from which an appeal can be taken.[1] *Cf. Martinek v. State*, 678 N.W.2d 714, 718 (Minn.App.2004) (holding that judge's letter to department of corrections could not be construed as an order amending defendant's sentence, partly because "[a]n exchange of letters, to which a defendant is not privy and which is not made a part of the official record, deprives a defendant of a fundamental right of due process").

Given the absence of any request for relief by Henry and the lack of any type of appealable ruling on the part of the district court, we decline to accept jurisdiction over this appeal and grant the state's motion to dismiss.

**Dismissed.**

1. We note that Henry's challenge to the restitution award also appears to be extremely untimely. Although Henry now claims that he received no notice of the restitution request or order, any challenge he might make to the restitution request or any appeal he might take from the February 15, 2008 restitution order would likely be considered untimely even in the face of good cause. *See* Minn.Stat. § 611A.045, subd. 3(b) (2006) (providing that "defendant may not challenge restitution after the 30–day time period has passed"); Minn. R.Crim. P. 33.03 (providing that "[l]ack of notice of entry by the court administrator does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed"); *Mason v. State*, 652 N.W.2d 269, 272–73 (Minn.App.2002), *review denied* (Minn. Dec. 30, 2002); *State v. Scott*, 529 N.W.2d 11, 12 (Minn.App.1995), *review denied* (Minn. Mar. 14, 1995).