STATE of Minnesota, Respondent,

v.

Tammy Marie FITMAN, Appellant.

No. A11–406.

Court of Appeals of Minnesota.

Jan. 23, 2012.

Lori A. Swanson, Attorney General, St. Paul, MN; and Kristen Nelsen, Mower County Attorney, Jeremy Clinefelter, Assistant County Attorney, Austin, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Steven P. Russett, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by JOHNSON, Chief Judge; PETERSON, Judge; and CONNOLLY, Judge.

## OPINION

CONNOLLY, Judge.

Appellant was convicted after a jury trial of two counts of felony concealing a minor child. She now argues that there was insufficient evidence for a jury to find her guilty of concealing the children and that her convictions must be reversed. Because there is no evidence in the record that appellant concealed the children, we reverse.

## FACTS

Appellant Tammy Marie Fitman and M.B. are the parents of two children, born in 1999 and 2002. When the parents divorced in 2005, they were granted joint legal custody, appellant was granted physical custody, and M.B. was granted "reasonable and liberal visitation as agreed upon by the parties." The decree provided that, if the parties could not agree on a visitation schedule, M.B. would have visitation on alternate weekends, from 4:00 p.m. Friday until 6:00 p.m. Sunday, and on holidays in alternate years, including Easter weekends in even-numbered years. Both appellant and M.B. testified that they did not strictly follow the visitation schedule; M.B. did not always exercise his right to visitation on alternate weekends.

On Wednesday, March 10, 2010, M.B. and appellant had a disagreement over the telephone about M.B. claiming the children as dependents on his taxes. During the conversation, M.B. informed appellant that he would like to have the children for the following weekend. She testified that she told M.B. he could not have the children because it was her weekend; M.B. testified that appellant did not tell him that he could not have the children.

Around 4:00 p.m. on Friday, March 12, 2010, two Austin city police officers were dispatched to the home of appellant and her husband Harold Fitman (collectively, the Fitmans). M.B. was there; he told the officers that he was being denied visitation with his children, showed them the divorce decree, and said he had not had visitation the previous weekend. The officers attempted to speak with the Fitmans, but found them rude and uncooperative. The Fitmans indicated that they would not allow M.B. to take the children that weekend because of the disagreement with him the previous Wednesday. The Fitmans confirmed to the officers that they had had the children the previous weekend and said that M.B. did not "regularly come and get the kids." The Fitmans agreed to allow M.B. visitation the following weekend and were told that the officers would file a report of deprivation of parental rights.

Neither the police officers nor M.B. saw or spoke with the children on March 12, but there is no evidence to suggest that they did not know the children were in the Fitmans' home.

Appellant testified that one child was distraught when M.B. returned the children after visitation the next weekend, i.e., on March 21. She notified the police, who conducted an investigation, but no charges were filed. She also testified that she called M.B., told him the children did not want to see him over Easter weekend (i.e., April 2–4, 2010), and did not allow the children to see him over Easter weekend because she was not expecting him and the children did not want to see him. M.B.

testified that appellant did not tell him the children did not want to see him on Easter weekend.

Around 4:00 p.m. on Friday, April 2, 2010, two Austin police officers and a police sergeant were dispatched to the Fitmans' home. Again, M.B. showed the officers the divorce decree, said it showed that he was entitled to visitation on Easter weekend of even-numbered years, and said he had not had the children the previous weekend. One officer attempted to speak with appellant, but Fitman pushed him away from the door, yelling, "[g]et off my property." A police lieutenant arrived and was allowed into the residence. The Fitmans expressed concern that M.B.'s residence was unfit for children, referencing a specific allegation that had previously been investigated and found to be without merit. The lieutenant explained that the allegation had been investigated and that the Fitmans could be charged with a crime if they did not allow M.B. visitation. The Fitmans continued to refuse. M.B. then agreed to allow the matter to go through the courts rather than to have the police physically remove the children from the home. Again, although the police and M.B. were not allowed to see or speak with the children, there is no evidence to suggest that they did not know the children were at the Fitmans' residence.

Appellant was charged with two counts of "conceal[ing] minor children ... from the children's parent where the action manifested an intent to substantially deprive that parent of parental rights, parenting time or custody," in violation of Minn.Stat. § 609.26, subd. 1(1). Following trial, the jury found appellant guilty on both counts. This appeal follows.

## ISSUE

Was there sufficient evidence to sustain appellant's conviction of two counts of concealing a minor child from another person having the right to parenting time or custody, in violation of Minn.Stat. § 609.26, subd. 1(1)?

## ANALYSIS

Appellant argues that there was insufficient evidence to allow a jury to convict her of concealing a minor child from another person having the right to parenting time or custody with the intent to substantially deprive that person of rights to parenting time or custody, in violation of Minn.Stat. § 609.26, subd. 1(1). On appeal, both appellant and the state focus on whether the state provided sufficient evidence on the issue of appellant's intent to substantially deprive M.B. of his right to parenting time. However, because we are reviewing the record for sufficiency of the evidence, this court must consider whether the evidence presented was sufficient for a conviction on each element of the crime. Because the act of concealing a minor child is a necessary element of the crime charged, the court must review whether there is sufficient evidence in the record to find that appellant concealed the children from M.B.

In considering a claim of insufficient evidence, our review "is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient" to allow the jurors to reach their verdict. *State v. Webb*, 440 N.W.2d 426, 430 (Minn.1989). The reviewing court must assume "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn.1989). We will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and for the requirement of proof beyond a reasonable doubt, could reasonably conclude the defendant was guilty of

the charged offense. *Bernhardt v. State,* 684 N.W.2d 465, 476–77 (Minn.2004).

"Whoever intentionally conceals a minor child from the child's parent where the action manifests an intent substantially to deprive that parent of parental rights" is guilty of a felony. Minn.Stat. § 609.26, subd. 1(1). The state must prove beyond a reasonable doubt every fact necessary to constitute a charged crime. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970).

The state's proposed jury instructions, detailing the elements of the crime that the state needed to prove beyond a reasonable doubt, used the word "retained" instead of the word "concealed." It is possible that, at some point, the state realized that this was a retainment case and not a concealment case. The "retained" language would have been appropriate had appellant been charged under Minn.Stat. § 609.26, subd. 1(3), rather than under Minn.Stat. § 609.26, subd. 1(1). Subdivision 1(3) states, "[w]hoever intentionally ... takes, obtains, *retains,* or fails to return a minor child from or to the parent ... where the action manifests an intent to substantially deprive that parent of rights to parenting time or custody" is guilty of a felony. (Emphasis added.) However, the complaint was never amended by the prosecutor and appellant was charged, tried, and convicted under Minn.Stat. § 609.26, subd. 1(1), which criminalizes concealment of a minor child.[1]

■ Because Minn.Stat. § 609.26, does not define the word "conceal" and no appellate court has addressed this, the definition is a matter of first impression. "Our goal when interpreting statutory provisions is to ascertain and effectuate the intention of the legislature. If the meaning of a statute is unambiguous, we interpret the statute's text according to its plain language." *Brua v. Minn. Joint Underwriting Ass'n,* 778 N.W.2d 294, 300 (Minn.2010) (quotation and citations omitted); *see also* Minn.Stat. § 645.16 (2010). To identify the plain meaning of a particular word used in a statute, it is appropriate to refer first to the common usage of the word. *See Gassler v. State,* 787 N.W.2d 575, 586 n. 11 (Minn.2010); *Swanson v. Brewster,* 784 N.W.2d 264, 274 (Minn. 2010); *see also* Minn.Stat. § 645.08 (2010) (stating that words are to be construed according to their common and approved usage). The common definition of the word "conceal" is "[t]o hide or keep from observation, discovery, or understanding; keep secret." *The American Heritage Dictionary* 304 (2d ed.1985).[2]

■ The evidence does not support the conclusion that appellant concealed the children, and the state did not attempt to prove that she did conceal them. Concealing children requires actively hiding them or attempting to keep another from discovering their whereabouts. While neither M.B. nor the police *saw* the children at the Fitmans' house on March 12 or on April 2, there was no evidence that appellant intentionally prevented M.B. from observing them or discovering their whereabouts. The record does not suggest that the children were not at appellant's home, that appellant was hiding them, or that M.B. did not know they were there.

Moreover, two facts indicate the contrary. First, M.B. and the police came to the Fitmans' home on March 12 and on April 2 because they assumed the children were there; second, the police and M.B.

1. The guilty-verdict form specifically referenced Minn.Stat. § 609.26, subd. 1(1).

2. At least one other court has adopted this definition of "conceal" in connection with a parental kidnapping statute. *See People v. Manning,* 334 Ill.App.3d 882, 268 Ill.Dec. 600, 778 N.E.2d 1222, 1227 (2002).

discussed the possibility of forcibly removing the children from the home, which they would not have done if they had not thought the children were in the home. This evidence supports the conclusion that appellant was not concealing the children.

We also note that this definition of "conceal" is consistent with the intent of the statute. Minn.Stat. § 609.26 was enacted in 1963 to combat parental kidnapping and has been referred to as "Minnesota's parental kidnapping statute." *See, e.g.,* Mary E. Shearen, *Parental Kidnapping in Minnesota,* 13 Wm. Mitchell L.Rev. 985, 1001 (1987). The provision making it a crime to conceal a child from the child's parent was added in 1984. Laws 1984, c. 484, § 2, codified at Minn.Stat. § 609.26, subd. 1(1) (1984). The amended version also provided that it was a crime to take, obtain, retain, or fail to return a child from or to the child's parent or other person having the right to visitation or custody. Laws 1984, c. 484, § 2, codified at Minn. Stat. § 609.26, subd. 1(3) (1984). Thus, the legislature saw concealing a child as separate from, not synonymous with, taking, obtaining, retaining, or failing to return a child.

Furthermore, caselaw indicates that "concealment" cases brought under Minn. Stat. § 609.26, subd. 1(1), have involved parents or guardians who go into "hiding" with the children, thereby preventing a parent from discovering the children's whereabouts or exercising parenting rights. *See, e.g., State v. Niska,* 514 N.W.2d 260, 262 (Minn.1994) (concerning maternal grandparents, who removed child from state with the mother's permission but without notifying father, who had limited supervised visitation rights and did not know child's location for six years);

*State v. Smith,* 656 N.W.2d 420, 421 (Minn. App.2003) (concerning mother who left the area with two children without notifying their father or school officials and did not surrender to police for more than one month). These cases demonstrate that conviction under Minn.Stat. § 609.26, subd. 1(1), requires actively concealing a child from a parent or person with a right to parenting time or custody.[3]

▮ In conclusion, there is insufficient evidence in the record to uphold appellant's conviction for concealing a minor child with the intent to substantially deprive M.B. of his parental rights. To prove the element of concealment under Minn.Stat. § 609.26, subd. 1(1), the state must prove that the defendant hid the child or kept the person having a right to parenting time or custody from discovering the child's whereabouts.

The state presented no evidence to the jury that appellant concealed the children from M.B. Because we find no evidence of concealment, we do not address appellant's arguments regarding the sufficiency of the evidence on the elements of deprivation and intent.

### DECISION

Because the state was required to prove that appellant concealed her children from a parent or other person having the right to parenting time or custody to obtain a conviction under Minn.Stat. § 609.26, subd. 1(1), and we find no such evidence of concealment in the record, we reverse.

**Reversed.**

---

**3.** By this opinion, we do not suggest that a parent's knowing merely the general whereabouts of the child (e.g., the child is somewhere in Minnesota) would preclude a conviction under the statute. However, when the parent knows the exact location of the child, an element of the crime has not been met.