# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A24-0267

Robert Sam Raisch, Jr., petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 3, 2024**
**Appeal to proceed**
**Segal, Chief Judge**

Pine County District Court
File No. 58-CR-15-321

Robert Sam Raisch, Jr., Stillwater, Minnesota (pro se appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Reese Frederickson, Pine County Attorney, Pine City, Minnesota (for respondent)

Considered and decided by Segal, Chief Judge; Ross, Judge; and Johnson, Judge.

## SYLLABUS

A reviewing judge's denial of a "preliminary application" under 2023 Minn. Laws ch. 52, art. 4, § 24, subd. 5, at 865-66, determining that there is not a "reasonable probability" that the applicant is entitled to relief from a conviction of aiding and abetting felony murder, is an appealable order as from a denial of postconviction relief under Minn. R. Crim. P. 28.02, subd. 2(1), and Minn. Stat. § 590.06 (2022).

**SPECIAL TERM OPINION**

**SEGAL**, Chief Judge

Appellant Robert Sam Raisch, Jr., was convicted of second-degree intentional murder in violation of Minn. Stat. § 609.19, subd. 1(1) (2014), and was sentenced to 480 months' imprisonment. At trial in that case, the jury also found Raisch guilty of second-degree felony murder in violation of Minn. Stat. § 609.19, subd. 2(1) (2014), and first-degree assault, but acquitted him of first-degree arson. The district court did not enter convictions for either the felony murder or assault verdicts as lesser-included offenses. We affirmed Raisch's second-degree intentional murder conviction on direct appeal. *State v. Raisch*, No. A16-0586, 2017 WL 1134403 (Minn. App. Mar. 27, 2017), *rev. denied* (Minn. May 30, 2017). We also affirmed the district court's order denying Raisch's petition for postconviction relief. *Raisch v. State*, No. A18-0536, 2018 WL 4391108 (Minn. App. Sept. 17, 2018), *rev. denied* (Minn. Nov. 27, 2018).

In 2023, the Minnesota Legislature amended the criminal laws to narrow the scope of liability for aiding and abetting first- and second-degree felony murder under Minn. Stat. § 609.185(a)(3) (Supp. 2023), .19, subd. 2(1) (2022). *See* 2023 Minn. Laws ch. 52, art. 4, § 3, at 850 (codified at Minn. Stat. § 609.05, subd. 2a (Supp. 2023)). The legislature also included a provision allowing persons who were previously convicted of those offenses, and who satisfy certain other eligibility criteria, to apply to have their convictions vacated. 2023 Minn. Laws ch. 52, art. 4, § 24, at 864-68 (the act).

In December 2023, Raisch filed a "preliminary application" seeking to vacate his convictions. The district court summarily denied Raisch's preliminary application,

determining that the act did not apply to him because, "[t]hough [Raisch] was found guilty of a qualifying offense under Minn. Stat. § 609.19, subd. 2(1), he was not adjudicated or convicted of that offense. As such, there is no qualifying conviction to vacate." Raisch appealed the denial, identifying Minn. R. Crim. P. 28.02, subd. 2, as the authority for the appeal.

We questioned jurisdiction, and the parties filed informal memoranda. In an order filed on March 19, 2024, we accepted jurisdiction over this appeal as from an order denying in whole or in part a petition for postconviction relief. We now set forth our reasoning.

## DECISION

The persons eligible for relief under the act are those convicted of aiding and abetting first- and second-degree felony murder for crimes committed before August 1, 2023, who are in the custody of the commissioner of corrections or under court supervision. 2023 Minn. Laws ch. 52, art. 4, § 24, subds. 1, 5(e)(3), at 864, 866. As relevant to this appeal, a person is eligible if:

> the person was convicted for a violation of Minnesota Statutes, section 609.19, subdivision 2, clause (1), and the person: (i) did not cause the death of a human being; and (ii) was not a major participant in the underlying felony and did not act with extreme indifference to human life.

2023 Minn. Laws ch. 52, art. 4, § 24, subd. 3(a), at 864.

The procedure to seek relief under the act involves two steps. First, by October 1, 2025, the individual must submit a preliminary application in the district court where the

3

conviction was entered.[1]  *Id.*, subd. 4, at 865.  The act on its face does not require service of a preliminary application on the prosecuting authority and there is no fee for submitting a preliminary application.  *Id.*  The second step involves filing a petition to vacate the conviction.  *Id.*, subd. 6(a), at 866-67.  A petition to vacate can be filed only if the district court makes an affirmative determination on the preliminary application.  *Id.*

In reviewing a preliminary application, the district court "shall determine whether, in the discretion of that judge, there is a reasonable probability that the applica[nt] is entitled to relief under this section."  *Id.*, subd. 5(c), at 865.  "If the reviewing judge determines that there is a reasonable probability that the applicant is entitled to relief," the judge is to provide notice of the affirmative determination to the applicant, the applicant's attorney (or state public defender if the applicant is unrepresented), and the prosecuting authority.  *Id.*, subd. 5(g), at 866.  The applicant can then file a petition to vacate with the district court.  *Id.*, subd. 6(a), at 866-67.  But "[i]f the reviewing judge determines that there is not a reasonable probability that the applicant is entitled to relief," the judge provides notice of ineligibility, and the applicant cannot proceed to the second step.  *Id.*, subds. 5(h), 6(a), at 866-67.

---

[1] The act requires the applicant to submit a preliminary application to the Ramsey County District Court, regardless of where the criminal case was venued.  2023 Minn. Laws ch. 52, art. 4, § 24, subds. 4(a), 5(a), at 865.  But on August 18, 2023, the supreme court ordered that, in the interests of the efficient administration of justice, applicants shall submit their preliminary application in their criminal case in the district court where the conviction was entered.  *Order Regarding the Filing of Requests for Relief in Aid and Abet Felony Murder Cases*, ADM09-8010 (Minn. Aug. 18, 2023).  In accordance with this order, Raisch filed his preliminary application in Pine County in the district court file in which his second-degree intentional murder conviction was entered.

The act provides no guidance on whether the denial of a preliminary application is appealable, and if so, what authority governs such an appeal. We address both questions below.

**I.**

As a general rule, "this court has jurisdiction of appeals from all final decisions of the [district] courts and of 'interlocutory appeals and other matters as may be prescribed in the Rules of Appellate Procedure,'" subject to certain exceptions not applicable here. *State v. Henry*, 809 N.W.2d 251, 253 (Minn. App. 2012) (quoting Minn. Stat. § 480A.06, subds. 1, 2 (2010)[2]). "Appellate jurisdiction attaches only by proper procedure after entry of a formal judgment or order." *Id.* (quotation omitted). In determining whether an order is appealable, we first consider whether the proceeding was initiated by a motion or petition that requests relief, and whether the district court's response grants or denies that relief. *See id.* at 253-54. That requirement is satisfied here: Raisch submitted a preliminary application with supporting documents requesting that his conviction be vacated; and the district court entered a formal order denying Raisch's preliminary application and providing reasons for the denial.

Our next step is to determine whether the district court's denial of a preliminary application under the act is a *final* order. The supreme court has defined a "final order as one that 'ends the proceeding as far as the court is concerned or that finally determines some positive legal right of the appellant relating to the action.'" *In re GlaxoSmithKline*

---

[2] The language is unchanged in the current version of this statute.

5

*PLC*, 699 N.W.2d 749, 754 (Minn. 2005) (quoting *In re Est. of Janecek*, 610 N.W.2d 638, 642 (Minn. 2000)). The "positive legal right" at issue here concerns Raisch's eligibility to have his conviction and sentence vacated. A district court's approval of a preliminary application is a prerequisite to Raisch's ability to pursue that "positive legal right." Conversely, a district court's denial of a preliminary application effectively terminates the applicant's opportunity to seek relief under the act. 2023 Minn. Laws ch. 52, art. 4, § 24, subd. 6(a), at 866-67. We therefore conclude that a district court's denial of a preliminary application is a final, appealable order.

**II.**

Having determined that the denial of a preliminary application is appealable, we must now identify the authority that allows this appeal to proceed. Raisch filed this appeal as from an order denying postconviction relief under Minn. R. Crim. P. 28.02, subd. 2, and maintains that this appeal should proceed as a postconviction appeal.

A criminal defendant may appeal as of right "from an order denying in whole or in part a petition for postconviction relief under Minn. Stat. ch. 590." Minn. R. Crim. P. 28.02, subd. 2(1), *see also* Minn. Stat. § 590.06 (providing appeal may be taken "from the order granting relief or denying the petition"). Raisch submitted a preliminary application to the district court together with supporting documents requesting that his conviction be vacated, and the district court entered a formal order denying Raisch's preliminary application and providing reasons for the denial.

Similar to this procedure, the postconviction remedy in chapter 590 allows a defendant to

6

> commence a proceeding to secure relief by filing a petition in the district court in the county in which the conviction was had to vacate and set aside the judgment and to discharge the petitioner or to resentence the petitioner or grant a new trial or correct the sentence or make other disposition as may be appropriate.

Minn. Stat. § 590.01, subd. 1 (2022). In addition, like a petition for postconviction relief, no filing fee is required for either a preliminary application or any resulting petition submitted under the act. Minn. Stat. § 590.02, subd. 2 (2022); 2023 Minn. Laws ch. 52, art. 4, § 24, subd. 4(e), at 865. The postconviction remedy also allows the district court to vacate a conviction, resentence the defendant, or "make other disposition as may be appropriate." Minn. Stat. § 590.01 (2022). We further note that the supreme court has construed the postconviction remedy as being "broad enough to encompass a motion" to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9. *Powers v. State*, 731 N.W.2d 499, 501 n.2 (Minn. 2007). And although "[t]here is no provision in rule 28 of the Minnesota Rules of Criminal Procedure expressly authorizing an appeal from an order granting or denying a motion to correct sentence," this court has treated such appeals as appeals from postconviction orders. *Washington v. State*, 845 N.W.2d 205, 211 n.1 (Minn. App. 2014).

The act is also analogous in some significant respects to the framework of the exoneration-compensation statute, Minn. Stat. § 590.11 (2022), which this court also treats as a postconviction proceeding for appeal purposes. *See Aery v. State*, 989 N.W.2d 363, 368 (Minn. App. 2023). Like the act, a petition for an order declaring eligibility for compensation based on exoneration requires the court to make a preliminary determination

7

of whether the person is eligible for relief under section 590.11. If the petitioner is found eligible, a claim for compensation arises if certain conditions are met. Minn. Stat. § 590.11, subds. 3, 5. But if the court enters an order declaring that the petitioner is not eligible for compensation under subdivision 3(b), the petitioner may appeal under Minn. Stat. § 590.06.[3] Minn. Stat. § 590.11, subd. 8.

For these reasons, we are persuaded that the postconviction remedy is broad enough to encompass the preliminary application procedure in the act.[4]

Respondent State of Minnesota contends that the district court's denial of a preliminary application is more appropriately treated as a civil appeal from a final order in a special proceeding that is appealable under Minn. R. Civ. App. P. 103.03(g). The "phrase 'a special proceeding' is a generic term for any civil remedy in a court of justice . . . [that] adjudicate[s] a substantial right with decisive finality separate and apart from any final judgment entered or to be entered in such action upon the merits." *Chapman v. Dorsey*, 41 N.W.2d 438, 440-41 (Minn. 1950); *see also GlaxoSmithKline*, 699 N.W.2d at 756.

We are not persuaded that an appeal from a denial of a preliminary application fits within the rubric of a special proceeding. A special proceeding is a civil remedy, while the

---

[3] We acknowledge that, unlike the exoneration-compensation statute, the procedure under the act for filing a preliminary application is not codified in chapter 590. Indeed, the act is not codified in any chapter of the Minnesota Statutes, likely because the application procedure for seeking relief from an aiding and abetting felony-murder conviction expires October 1, 2025. 2023 Minn. Laws ch. 52, art. 4, § 24, subd. 4(d), at 865.

[4] Although postconviction proceedings are subject to a two-year time limit, Minn. Stat. § 590.01, subd. 4, the two-year time limit would not apply to the act because it specifically applies retroactively and contains its own time limit—namely, that the application for preliminary approval must be filed before October 1, 2025.

relief available under the act is vacation of a criminal conviction. The hallmark of a special proceeding is that it is separate and apart from the final judgment in the underlying action. *See GlaxoSmithKline*, 699 N.W.2d at 756. But a preliminary application is filed in the same criminal file as the conviction. And relief under the act results in the reviewing judge vacating the final judgment—the applicant's conviction and sentence—in the underlying criminal action. 2023 Minn. Laws ch. 52, art. 4, § 24, subd. 7(c), at 868. It is thus integral to the underlying action—the criminal proceeding; it is not separate and apart from the final judgment. Accordingly, we reject the state's argument that a district court's denial of a preliminary application should be characterized as a final order in a special proceeding.

The state also identifies differences between a preliminary application, which does not explicitly provide for notice to the prosecuting authority and an opportunity to respond, and the postconviction remedy, which explicitly provides the prosecuting authority with an opportunity to respond to the postconviction petition. Minn. Stat. § 590.03 (2022). Despite this and certain other procedural differences identified by the state, we conclude that a district court's denial of a preliminary application is appealable as of right as from the denial of a petition for postconviction relief under Minn. R. Crim. P. 28.02, subd. 2(1), and Minn. Stat. § 590.06. In reaching this conclusion, we express no opinion on the merits of Raisch's appeal.

**Appeal to proceed**.