*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0109**

State of Minnesota,
Respondent,

vs.

Deanna Sue Konz,
Appellant.

**Filed November 24, 2025**
**Affirmed in part, appeal dismissed in part; motions granted**
**Bjorkman, Judge**

Hennepin County District Court
File Nos. 27-CR-22-16849, 27-CR-22-20336

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Robert I. Yount, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Cochran, Judge; and Cleary, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**BJORKMAN**, Judge

In this pretrial appeal, appellant Deanna Sue Konz challenges orders denying her motion to dismiss the charges against her and partially denying her motion to eliminate or amend her conditions of release. Respondent State of Minnesota contends the order denying the motion to dismiss is not appealable and asks us to strike the portions of Konz's brief challenging that order; Konz contends the state's post-briefing citation of supplemental authority is improper and asks us to strike it. We affirm the order on conditions of release, but because the order denying the motion to dismiss is not appealable, we dismiss that part of the appeal. And we grant both motions to strike.

## FACTS

On August 26, 2022, the state charged Konz with felony deprivation of parental rights. According to the complaint, she and her former husband (husband) share a then-nine-year-old daughter (daughter). Konz was supposed to return daughter to husband on July 22, as required by their parenting-time schedule, but failed to do so until August 25. The district court released Konz on bail with conditions, including no contact with "any alleged victim."

On October 11, Konz was charged with felony deprivation of parental rights and felony concealment of a minor, again pertaining to daughter. She was again released on bail with conditions, including electronic home monitoring (EHM) and no contact with daughter or husband.

In March 2023, defense counsel requested a competency examination under Minn. R. Crim. P. 20.01, which the district court granted. The examination report filed the following month opined that Konz was incompetent to proceed to trial. Based on that report, the district court found Konz incompetent and called for her to be assessed for possible civil commitment. The state gave notice that it intends to prosecute once Konz regains competency.

That May, Konz was civilly committed as a person who poses a risk of harm due to mental illness, then provisionally discharged from commitment and returned to jail that November. The district court amended Konz's conditions of release, allowing her to be released to a state hospital with the same conditions previously ordered. Because the hospital was unable to accommodate Konz, she remained in jail.

In March 2024, the district court ordered that Konz be released to an "Intensive Recovery Treatment Services" re-entry house. The court further amended her conditions of release by removing the EHM requirement but retained the prohibition on contact with daughter or husband.

Around the same time, Konz moved the district court to dismiss the charges against her in the interests of justice or in the alternative to eliminate her release conditions. She argued that the length of her pretrial detention means she has custody credit greater than the maximum possible sentence for the charged offenses. The district court denied the motion in a June 2024 order. With respect to dismissal, the court reasoned that any calculation of custody credit is premature before a conviction and that the state may yet be able to prosecute because "no mental health professional has opined that it is unlikely that

3

[Konz] can be restored to competency." And with respect to eliminating release conditions, the court cited a "clear public safety concern." Nonetheless, the court again amended Konz's release conditions to allow her to live with family.

The following month, Konz filed the first of the motions pertinent to this appeal, asking the district court to eliminate or modify the terms of her conditional release. In particular, she asked for permission to move in with a different family member in Minnesota and for permission to have telephone contact with daughter. A referee recommended denying Konz's request to eliminate the conditions but partially modifying them to allow Konz to live with any family member in Minnesota. Regarding contact with daughter, the referee reasoned that the "safety concerns" noted in June "remain." The referee deferred to decisions made in the family-court proceeding and recommended a condition prohibiting any contact with daughter or husband "except as authorized" by the family court's March 3, 2023 order. Konz sought judicial review of the referee's recommended order.

While that requested review was pending, Konz filed the second motion pertinent to this appeal, asking the district court to dismiss the charges in the interests of justice pursuant to Minn. Stat. § 631.21 (2024) based on due-process and equal-protection violations. The district court jointly heard the request for judicial review and the motion to dismiss, and denied both in two written orders, substantially reiterating the reasoning of its June decision.

Konz appeals.

4

**DECISION**

**I.     The order denying Konz's motion to dismiss is not appealable.**

Konz challenges the order denying her motion to dismiss, advancing numerous constitutional, statutory, and policy arguments regarding the duration of her pretrial detention, the various limitations she has been subjected to as conditions of her release, and the likelihood of her regaining competence. The state contends none of these arguments are properly before us because the order is not appealable. By motion, it asks us to clarify the scope of our jurisdiction and to strike the portions of Konz's brief addressing the denial of her motion to dismiss.

A criminal defendant "may obtain" this court's review of a district court's order only as provided by the Minnesota Rules of Criminal Procedure. Minn. R. Crim. P. 28.02, subd. 1; *see State v. Henry*, 809 N.W.2d 251, 253 (Minn. App. 2012). Under those rules, a criminal defendant generally "cannot appeal until the district court enters an adverse final judgment." Minn. R. Crim. P. 28.02, subd. 2(2). A defendant may bring a pretrial appeal from a small set of orders, including an order refusing or imposing conditions of release and an order finding the defendant incompetent to stand trial. *Id.*, subd. 2(2)(a), (b)2. But a defendant may not appeal an order denying a motion to dismiss. *State v. Johnson*, 441 N.W.2d 460, 467 (Minn. 1989); *State v. Plevell*, 889 N.W.2d 584, 587 (Minn. App. 2017). Instead, they must seek discretionary review under Minn. R. Crim. P. 28.02, subd. 3. *Johnson*, 441 N.W.2d at 467; *accord In re Welfare of D.J.F.-D.*, 986 N.W.2d 17, 20 (Minn. App. 2023) (explaining that juvenile repeatedly found incompetent to stand trial requested,

5

and this court granted, discretionary review of order denying motion to dismiss because "no procedural rule allows an appeal as of right"), *aff'd*, 3 N.W.3d 266 (Minn. 2024).

Konz acknowledges that the order denying her motion to dismiss is not among those listed in Minn. R. Crim. P. 28.02, subd. 2(2), and that, in fact, "there is no question" that an order denying a motion to dismiss is not appealable "for cases involving competent defendants." Konz contends this case is different because she has been found incompetent and advances two bases for us to review the dismissal decision.

First, she notes that there are new statutes governing competency proceedings, which permit an incompetent defendant to seek dismissal in the interests of justice, *e.g.*, Minn. Stat. § 611.42, subd. 4(e) (2024), and asserts that this is an "appeal as of right" pursuant to those new statutes. We are not persuaded. Konz expressly sought dismissal pursuant to Minn. Stat. § 631.21. She barely mentioned the new statutes, merely noting that they exist and may "signal[] that the court should give [dismissal] serious consideration on incompetent cases." Because she neither sought nor was denied dismissal under those statutes, they do not apply here. But even if they did, the new statutes afford no greater right to appeal from an order denying a motion to dismiss. To the contrary, they expressly provide that "[a]ppeals under [those statutes] are governed by Minnesota Rules of Criminal Procedure, rule 28." Minn. Stat. § 611.45, subd. 2 (2024).

Second, Konz urges us to review the order denying her motion to dismiss as a liberal application of Minn. R. Crim. P. 28.02, subd. 2(2)(b)2, which permits her to appeal as of right from an order finding her incompetent. She asserts that her right to appeal from the dismissal order arises "by necessary implication" from her right to appeal a competency

6

order. *See State v. Johnson*, 23 N.W.3d 70, 73 (Minn. 2025). We disagree. A defendant may appeal a competency order only if it is "not on the defendant's motion." Minn. R. Crim. P. 28.02, subd. 2(2)(b)2. Konz cannot appeal under that rule because the initial finding of incompetence *was* on a defense motion, and the defense has supported subsequent findings that Konz continues to be incompetent. Moreover, and unsurprisingly given that background, Konz did not appeal the initial order finding her incompetent or any subsequent determination that she continues to lack competence. We see no way to construe this as an appeal from a competency order, particularly when Konz claims no factual or procedural error in the district court's finding that she is incompetent.

The appropriate result when an appellant files a notice of appeal from a nonappealable pretrial order and does not establish a basis for affording discretionary review is dismissal of the appeal. *State v. Smith*, 656 N.W.2d 420, 424 (Minn. App. 2003). Accordingly, we dismiss the part of this appeal challenging the order denying the motion to dismiss. And we strike the portions of Konz's briefing that pertain to that order.

**II.    The district court did not abuse its discretion by partially denying Konz's most recent motion to eliminate or modify the terms of her conditional release.**

When releasing a person charged with a crime, a district court may impose conditions of release, including restrictions on travel, association, or residence, to "reasonably assure the person's appearance as ordered." Minn. R. Crim. P. 6.02, subd. 1. The defendant may appeal "from an order refusing or imposing conditions of release." Minn. R. Crim. P. 28.02, subd. 2(2)(a). We review a district court's decision regarding the

7

amount of bail and nonmonetary conditions of release for an abuse of discretion. *See State v. Martin*, 743 N.W.2d 261, 266 (Minn. 2008).

Konz argues that the district court abused its discretion by subjecting her to "onerous supervision conditions." She challenges two specific "current release" conditions—limited contact with daughter and EHM. Neither challenge persuades us to reverse.

Regarding her ability to contact daughter, Konz contends that the district court "has prevented [her] from having any contact with her child." While that was the case for nearly two years, it is not so now. The court's most recent order removed the absolute no-contact condition, replacing it with a condition precluding contact "except as authorized" by a specific family-court order. We discern no abuse of discretion by the district court in deferring to the family court regarding Konz's contact with daughter.

Regarding EHM, the record again defeats Konz's argument. As the state notes, she has not been subject to any EHM condition since March 2024. And while she complains that, even without the condition, she is not permitted to "move freely," we are not convinced that requiring Konz to live with family somewhere in the state of Minnesota is an onerous condition—particularly when she was the one who requested it.

In sum, Konz has not demonstrated that the district court abused its discretion by partially denying her motion to eliminate or modify her conditions of release.[1]

**Affirmed in part, appeal dismissed in part; motions granted.**

---

[1] After briefing in this matter was complete, the state filed a letter citing supplemental authorities under Minn. R. Civ. App. P. 128.05. The letter presents argument about multiple cases available at the time of briefing and discusses developments in the district court during the pendency of this appeal. Konz moves to strike the letter, arguing that it exceeds the scope of rule 128.05. *See State v. Minn. Sch. of Bus., Inc.*, 935 N.W.2d 124, 140 n.10 (Minn. 2019) (striking letter that went "beyond the bounds" of rule 128.05). We agree. A citation of supplemental authority must not contain argument. Minn. R. Civ. App. P. 128.05; *State v. Letourneau*, 6 N.W.3d 73, 74 n.1 (Minn. 2024). And it must address "legal authority," not add to the factual record. *In re Hibbing Taconite Mine & Stockpile Progression*, 888 N.W.2d 336, 344 n.1 (Minn. App. 2016). Because the state's letter is improper in both respects, we grant Konz's motion to strike.