STATE of Minnesota, Appellant,

v.

Carl Manuel TOLBERT, Jr., Respondent.

No. C1–92–515.

Court of Appeals of Minnesota.

Aug. 18, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Raymond F. Schmitz, Olmsted Co. Atty., Debra A. Jacobson, Asst. Co. Atty., Rochester, for appellant.

John M. Stuart, Minnesota Public Defender, Minneapolis, Richard Smith, Olmsted Co. Public Defender, Terrence M. Walters, Asst. Public Defender, Rochester, for respondent.

Considered and decided by HUSPENI, P.J., and CRIPPEN, and NORTON, JJ.

## OPINION

CRIPPEN, Judge.

The state challenges the trial court's dismissal of a criminal complaint at a probable cause hearing. Respondent contends that this challenge cannot be heard by this court because the trial court's order is not appealable. In addition, respondent argues

that even if the order is appealable, the trial court's dismissal was proper. We reinstate the proceedings.

## FACTS

Claudette Hayes resided at 1020 SE 12th Street, Apartment # 2, Rochester, at all times relevant to this case. Hayes was romantically involved with respondent, Carl Manuel Tolbert, for approximately six months (from September 1991–February 1992). During this period, respondent stayed with Hayes at her apartment whenever he was in town. Respondent also received phone bills at Hayes' address and the address was listed as his residence on his government medical assistance card.

At the same time, however, respondent helped another man, Robert Burkholter, pay rent on an apartment for one month. Respondent testified this provided him with a place where he "could" stay, but that he had never spent nights at this apartment. Respondent never paid rent to Hayes or Hayes' landlord, Elite Management.

On February 19, 1992, Hayes returned from work to find her apartment in disarray and respondent hosting a beer party. Hayes told respondent to leave and not return. Significantly, respondent packed his belongings in boxes and left.

Later that night, respondent forced his way into the apartment, despite Hayes' repeated statements that he was not welcome. Police responded to a 911 call and found respondent choking Hayes inside the apartment.

Respondent was arrested and subsequently charged in a criminal complaint which alleged two felony offenses (burglary), one gross misdemeanor offense (assault in the fifth degree) and one misdemeanor offense (criminal damage to property in the third degree). Respondent requested an omnibus hearing to challenge the felony counts for lack of probable cause.

The trial court determined that probable cause was lacking concerning the burglary counts and the court dismissed both counts. The state filed its notice of appeal. Respondent filed a motion to dismiss this appeal, claiming that the trial court's order is nonappealable. This court denied the motion stating that the circumstances of the case indicated a legal rather than factual determination and that the motion was premature pending completion of the transcript showing the trial court's reasoning.

## ISSUES

1. Did the trial court determine a matter of fact or law in deciding that respondent was a person in lawful possession of the premises?

2. Did the trial court err in determining that probable cause had not been shown concerning the felony counts?

## ANALYSIS

### I.

Minn.R.Crim.P. 28.04, subd. 1(1) states:

> The prosecuting attorney may appeal as of right to the Court of Appeals:
>
> (1) in any case, from any pretrial order of the trial court except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense or an order dismissing a complaint pursuant to Minnesota Statutes, section 631.21.

However, if a dismissal for lack of probable cause is based upon a legal determination, then the dismissal is appealable. *State v. Diedrich*, 410 N.W.2d 20, 22 (Minn.App. 1987).

Appellant argues that the trial court made a legal determination interpreting the conduct "to enter a building without the consent of the person in lawful possession." Essentially, according to appellant, the trial court made a legal determination that a guest of the lessee had a right to possession which lasted beyond the revocation of the guest's permission to stay by the lessee. This contention has merit.

The determination made by the trial court was a determination of law because the trial court legally construed the relationship between Hayes and respondent.

Hayes clearly stated that respondent entered without her consent on the evening of February 19. In light of this uncontradicted testimony, the trial court's determination has the effect of negating Hayes' revocation of her guest's right to possession. This negation is dependent upon an interpretation of the law concerning possessory rights, and therefore is a legal determination which is appealable.

## II.

■■■ The state in a pretrial appeal must show the order appealed from is clearly erroneous and "significantly reduces the likelihood of a successful prosecution." *State v. Joon Kyu Kim*, 398 N.W.2d 544, 551 (Minn.1987).

The trial court found that Hayes did not consent to respondent's entrance, and therefore the only possible ground to support the trial court's decision is that respondent had an independent right to enter the apartment, a right which could not be immediately terminated by Hayes. Apparently, the trial court believed that the state failed to show probable cause that respondent's six-month residence at the apartment had been terminated.

The trial court erred in determining as a matter of law that respondent was a co-occupant having a right to possession on the evening of February 19, 1992. Resolution of this issue requires the factfinder's evaluation of evidence on matters of physical presence, payment of rent and other manifestations of any tenancy rights not terminable by Claudette Hayes' demands on February 19. A jury could find that respondent's only right of lawful possession in this case terminated before the assault on February 19, 1992. Hayes told respondent to leave at 5 p.m. on February 19, and in fact respondent packed almost all of his possessions and vacated the premises. Finally, because the trial court's conclusion significantly reduces the likelihood of successful prosecution, the dismissal of burglary charges against respondent must be reversed.

## DECISION

The trial court's order dismissing the burglary charges is appealable because the court legally determined appellant's right to possession. The court erred in determining as a matter of law that respondent had a legal right to possession of the premises and could not be properly charged with burglary.

Reversed and remanded.