STATE of Minnesota, Appellant,

v.

Mark Duane GERARD, Respondent.

No. A13–0043.

Court of Appeals of Minnesota.

June 24, 2013.

Lori Swanson, Attorney General, St. Paul, MN; and Janet Reiter, Chisago County Attorney, Beth A. Beaman, Center City, MN, for appellant.

D. Sherwood McKinnis, Lindberg & McKinnis, P.A., Cambridge, MN, for respondent.

Considered and decided by CONNOLLY, Presiding Judge; STONEBURNER, Judge; and RODENBERG, Judge.

## OPINION

CONNOLLY, Judge.

In this pretrial appeal, appellant, State of Minnesota, argues that the district court erred when it dismissed the felony count of unjustifiably killing an animal, in violation of Minn.Stat. § 343.21, subd. 1, based on lack of probable cause because it impermissibly concluded that respondent's actions were justified. Because a determination of whether an animal was killed "unjustifiably" pursuant to Minn.Stat.

§ 343.21, subd. 1 is a fact issue for the jury, we reverse and remand.

## FACTS

On June 25, 2012, a deputy from the Chisago County Sheriff's Office responded to a residence on an animal-cruelty complaint after a cat was shot. When the deputy arrived, he spoke with the complainants, T.H. and M.H., the cat's owners. T.H. was holding a white cat that was wearing a dark collar with a bell on it. The cat appeared to have been shot with a shotgun. The cat was alive, but had extensive wounds. T.H. and M.H. asked the deputy to put the cat down because it was suffering and would not survive. The deputy agreed and dispatched the cat with his service weapon.

M.H. told the deputy that their cat had been shot by their neighbor, respondent Mark Duane Gerard. M.H. stated that he had been outside and had heard a shot and observed a plume of smoke from respondent's yard. M.H. told the deputy that they had had problems with respondent in the past and asked the deputy to go speak with respondent.

Respondent admitted to the deputy that he shot the cat. He told the deputy that he had seen the cat on his property numerous times, that he observed the cat killing wild baby turkeys on his property the day before, and that the cat had once killed one of his chickens, though he admitted that he did not actually see the cat kill his chicken. The deputy observed a chicken coop on respondent's property, but did not observe any dead chickens or turkeys. Respondent indicated that he did not know whose cat he had shot and that he had not observed a collar.

Respondent was charged with one count of mistreating animals, in violation of Minn.Stat. § 343.21, subd. 1. Because respondent's actions resulted in the death of a pet or companion animal, the charge was a felony pursuant to Minn.Stat. § 343.21, subd. 9(d) (2010). Respondent filed a motion to dismiss for lack of probable cause, arguing that there was no evidence presented that his actions were unjustified. Respondent's motion was accompanied by a notarized affidavit from the deputy that included a statement that the deputy was "of the opinion that [respondent's] actions, resulting in the shooting of the white cat, on June 25, 2012, were justified."

At the probable-cause hearing, respondent argued that there was no evidence that the shooting was unjustified. The state argued that justification of respondent's actions is an issue for the finder of fact at trial. Following the hearing, the district court dismissed the complaint for lack of probable cause, finding insufficient evidence that respondent had unjustifiably killed the cat. In its Conclusions of Law, the district court stated:

> "[The deputy], who is listed on the *State's* witness list ... stated that on June 25, 2012, after interviewing all of the parties and examining the scene of the shooting, he was of the opinion that [respondent] was justified in shooting the cat in order to protect his property.... [This] testimony, if believed ... would exonerate [respondent]. It would not be fair and reasonable to require [respondent] to stand trial ... [and his] Motion to dismiss shall therefore be granted."

(Emphasis in original). This appeal follows.

## ISSUE

Under Minn.Stat. § 343.21, subd. 1, is a determination of whether a person "unjustifiably" injured, maimed, mutilated, or killed an animal a fact issue for the jury?

## ANALYSIS

■ Appellant argues that the district court erred by dismissing the felony charge for lack of probable cause. Specifically, appellant argues that the district court erred by considering the deputy's personal opinion as exonerating evidence of justification for the purposes of the probable cause determination and by reaching the conclusion that respondent's actions were justified.

■ When appealing a pretrial order under Minn. R.Crim. P. 28.04, the state must demonstrate "clearly and unequivocally that the district court erred in its judgment and, unless reversed, the error will have a critical impact on the outcome of the trial." *State v. Trei,* 624 N.W.2d 595, 597 (Minn.App.2001). Dismissal of a complaint satisfies the critical-impact requirement. *Id.* The state may appeal from a pretrial order dismissing a complaint for lack of probable cause when the dismissal was based on a legal determination. *State v. Ciurleo,* 471 N.W.2d 119, 121 (Minn.App. 1991). We review such a dismissal de novo. *State v. Ortiz,* 626 N.W.2d 445, 448 (Minn.App.2001). Here, the facts are largely undisputed, and the district court based it⌐ dismissal on a legal determination that the facts in the record would support a motion for judgment of acquittal if proved at trial.

■ The purpose of a probable-cause hearing is to "protect a defendant unjustly or improperly charged from being compelled to stand trial." *State v. Koenig,* 666 N.W.2d 366, 372 (Minn.2003) (quotation omitted). "Probable cause exists where the facts would lead a person of ordinary care and prudence to hold an honest and strong suspicion that the person under consideration is guilty of a crime." *Trei,* 624 N.W.2d at 597. A probable-cause determination is fact intensive and must be made on a case-by-case basis. *State v.*

*Knoch,* 781 N.W.2d 170, 178 (Minn.App. 2010), *review denied* (Minn. June 29, 2010). A district court should deny a motion to dismiss charges for lack of probable cause where the facts in the record preclude the granting of a motion for a judgment of acquittal if proved at trial. *State v. Florence,* 306 Minn. 442, 239 N.W.2d 892, 903 (1976).

Citing *Florence,* the district court noted that when a defendant produces a witness subject to cross-examination whose testimony, if believed, would exonerate him, the motion to dismiss for probable cause will be granted unless there is "substantial evidence admissible at trial in the record which would justify denial of a motion for a directed verdict of acquittal." *Id.* The district court then stated that the deputy's opinion that respondent's actions were justified, "if believed ... would exonerate [respondent]."

■ But the deputy would not have been allowed to testify regarding justification at trial. Minn. R. Evid. 701 provides:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Opinions under Rule 701 that render a determination as to whether a defendant's conduct falls within a legal standard are not permitted because they are not helpful to the jury. *See State v. Post,* 512 N.W.2d 99, 102 (Minn.1994) (stating that a witness would not be allowed to offer an opinion as to whether or not a defendant acted in self-defense); *see also State v. Larson,* 389 N.W.2d 872, 876 (Minn.1986) (concluding that a lay witness's letter stating that the witness believed defendant's actions did not fall within statutory definition of crimi-

nal sexual conduct was inadmissible under Minn. R. Evid. 701); *Pierson v. Edstrom,* 281 Minn. 102, 106, 160 N.W.2d 563, 565 (1968) (concluding that police officer's opinion regarding fault in an accident was an improper invasion of jury's province and that the officer's opinion testimony regarding speed was improper because the officer did not witness the accident).[1]

■ The deputy did not witness the shooting of the cat, nor did he observe the cat killing any animals on respondent's property. But he came to the conclusion that respondent's act of shooting the cat was justified, apparently because he found respondent's statement credible and observed that respondent had a chicken coop on his property. The district court's reliance on the deputy's lay opinion as exonerating evidence of justification was improper. Moreover, even if the district court believed that the deputy's testimony would exonerate respondent,

> production of exonerating evidence by a defendant at the probable cause hearing does not justify the dismissal of the charges if the record establishes that the prosecutor possesses substantial evidence that will be admissible at trial and that would justify denial of a motion for a directed verdict of acquittal.

*Koenig,* 666 N.W.2d at 372 (quotation omitted).

Appellant provided substantial admissible evidence that would justify the denial of a motion for a directed verdict. A person is guilty of felony mistreatment of an animal if that person unjustifiably kills a pet. Minn.Stat. § 343.21, subds. 1, 9(d). Appellant presented undisputed evidence that respondent shot and fatally injured a pet cat and had never actually observed the cat injuring or killing his chickens.

■ "In deciding whether there exists probable cause to hold a defendant over for trial, the district court is not to invade the province of the jury." *Trei,* 624 N.W.2d at 598. Based on the evidence provided at the probable-cause hearing, a jury could reasonably conclude that respondent's actions were unjustified and that he could have used a nonlethal means to protect his chickens. While respondent did submit evidence that *may* exonerate him based on justification, appellant demonstrated that it had sufficient evidence that would be admissible at trial to allow a fact-finder to reasonably conclude that respondent's actions were unjustified. It is for the jury to hear the evidence presented by the parties, weigh the witnesses' credibility, and determine whether respondent unjustifiably killed the cat.

### DECISION

Because the district court invaded the province of the jury in concluding that respondent did not unjustifiably kill an animal, we reverse and remand.

**Reversed and remanded.**

---

1. Respondent argues that district courts give "great deference" to a police officer's experience and judgment in determining whether probable cause exists. *Vertina v. Commissioner of Pub. Safety,* 356 N.W.2d 412 (Minn. App.1984) (accepting police officer testimony at an implied consent hearing); *see also State v. Harris,* 295 Minn. 38, 202 N.W.2d 878 (1972) (holding police officer had probable cause to believe defendant was operating a motor vehicle under the influence of alcohol). But the cases respondent cites are not applicable because they involved police officer determinations of whether probable cause existed at the scene of a crime to arrest or search a defendant, not whether probable cause exists to reasonably suspect that the defendant is guilty of a crime and should stand trial. Respondent's novel argument that district courts should defer to a police officer's determination of probable cause would render probable-cause hearings unnecessary.