SCHELLHAS, Judge
Appellant challenges the dismissal of a complaint for violation of the 180-day speedy-trial period under the Interstate Agreement on Detainers, Minn. Stat. § 629.294, subd. 1, art. III(a), arguing that respondent's conduct in moving for dismissal *425 of the complaint tolled the 180-day speedy-trial period, and that the district court denied appellant due process by dismissing the complaint without affording it notice and an opportunity to be heard. We agree and reverse and remand.
FACTS
On May 22, 2017, appellant State of Minnesota charged respondent Jeremy Roy with two counts of fifth-degree controlled-substance possession under Minn. Stat. § 152.025, subd. 2(1) (2016). The district court released Roy on bail after his first court appearance. Roy failed to appear at his omnibus hearing on June 15 because North Dakota authorities had detained him for an alleged probation violation in connection with an offense committed in North Dakota. Due to Roy's nonappearance, the district court revoked his bond and issued a warrant for his arrest.
On July 3, 2017, Roy filed a Detainer Disposition Request under the Interstate Agreement on Detainers (AID), Minn. Stat. § 629.294, subd. 1, art. III(a), to require the state to bring him to trial within 180 days. On August 17, the state accepted temporary custody of Roy from North Dakota authorities. On October 23, Roy filed a motion to dismiss for lack of probable cause, and the district court denied the motion on December 5. At a December 7 pretrial hearing, Roy pleaded not guilty and demanded a speedy trial. Without objection by Roy, the court set a trial date of January 9, 2018.
At a January 4, 2018 settlement conference with the district court, Roy asked the court to maintain the January 9 trial date. The court then sua sponte dismissed the complaint with prejudice on the basis that more than 180 days had elapsed since Roy filed his Detainer Disposition Request, and that the IAD therefore required that Roy be returned to North Dakota as soon as practicable. The state immediately requested reconsideration and a stay of the dismissal. The court took no action on the state's request.
This appeal follows.
ISSUE
Did the district court err by dismissing the complaint on the basis that the January 9, 2018 trial date violated Roy's 180-day speedy-trial right under the IAD?
ANALYSIS
To proceed with a pretrial appeal, the state must first demonstrate that the district court's error "will have a critical impact on the outcome of the trial." Minn. R. Crim. P. 28.04, subd. 2(1). "Dismissal of a criminal complaint satisfies the critical-impact requirement." State v. Gerard , 832 N.W.2d 314, 317 (Minn. App. 2013), review denied (Minn. Sept. 17, 2013). We conclude that because the district court dismissed the state's criminal complaint against Roy, the state has met the critical-impact test.
The state argues that the district court erred by concluding that Roy's January 9, 2018 trial date violated his speedy-trial right because Roy's motion to dismiss tolled the IAD's 180-day trial period. The state argues that the district court should have tolled the 180-day trial period during the time necessary for the court to resolve Roy's motion to dismiss. We agree.
The IAD establishes procedures for resolving one state's outstanding criminal charge against a prisoner of another state, the United States, and the District of Columbia. State v. Dickerson , 777 N.W.2d 529, 532 (Minn. App. 2010), review denied (Minn. Mar. 30, 2010). Minnesota is a compact state and codified the IAD at Minn. Stat. § 629.294 (2016). Under the IAD, a prisoner "shall be brought to trial within *426 180 days" on any out-of-state charges after the prisoner sends to the official having custody over him "written notice of the place of his imprisonment and his request for final disposition." Id ., subd. 1, art. III(a). The official with custody over the prisoner shall then forward the prisoner's request to the out-of-state prosecuting officer. Id .
The official in the state with custody over the prisoner (sending state) "shall offer to deliver temporary custody" of the prisoner to the state with pending charges over the prisoner (receiving state). Id ., subd. 1, art. V(a). Once in the custody of the receiving state, the district court "may grant any necessary or reasonable continuance" in open court, with the defendant and counsel present, "for good cause shown." Id ., subd. 1, art. III(a). Without such a continuance, failing to bring the defendant to trial within the 180-day trial period results in dismissal of the charge with prejudice and return of the prisoner to the custody of the sending state. Id ., subd. 1, art. V(c), (e).
This court reviews questions involving the construction of the IAD de novo. Dickerson , 777 N.W.2d at 531-32. "The IAD is a congressionally sanctioned interstate compact, and thus is a federal law subject to federal construction." Id. "Although states interpret and apply IAD provisions, they are constrained by United State Supreme Court cases that address the same issues." Id. at 532 (citation omitted).
In its January 4, 2018 order, the district court noted that Roy filed his Detainer Disposition Request under Minn. Stat. § 629.294, subd. 1, art. III(a), on July 3, 2017. The court concluded that the 180-day trial period ran continuously from July 3 until it expired on December 30, 2017. Because more than 180 days had elapsed since the filing of Roy's Detainer Disposition Request, and because the state did not request an extension of time for trial for good cause, the court concluded that the IAD required dismissal of the complaint.
No Minnesota case analyzes tolling of the 180-day trial period under the IAD. But the Minnesota Supreme Court has analyzed the tolling of the requisite trial period under the Uniform Mandatory Disposition of Detainers Act (UMDDA), Minn. Stat. § 629.292 (2016). See In re State v. Wilson , 632 N.W.2d 225, 230 (Minn. 2001) ("We look for guidance from the UMDDA's counterpart, the [IAD]."); see also Resendiz v. State , 832 N.W.2d 860, 864 (Minn. App. 2013) (stating that it is proper for this court to review case law from other jurisdictions that have passed the UMDDA), review denied (Minn. Aug. 20, 2013). The UMDDA provides a Minnesota prisoner a method to obtain speedy disposition of his or her charges. Minn. Stat. § 629.292, subd. 1(a). Similar to the IAD, the UMDDA specifies that upon a prisoner's request, the court shall dismiss a complaint with prejudice if it fails to bring the case to trial within six months of receipt of the request. Id ., subd. 3; see Wilson , 632 N.W.2d at 230 n.6 (stating that IAD is counterpart to UMDDA).
In Wilson , the supreme court analyzed whether a defendant's motion to dismiss tolls the UMDDA's six-month period and determined that "[s]tates that have enacted the UMDDA and IAD permit tolling of the statutory time limit when the defendant caused or created the delay." 632 N.W.2d at 230. The supreme court concluded that the motion to dismiss caused a delay in bringing the case to trial and, because the defendant caused the delay, the district court erred by not tolling the period until the "final disposition of [the] motion." Id. ; see also State v. Kurz , 685 N.W.2d 447, 450 (Minn. App. 2004) (concluding that prisoner's pretrial motion to *427 dismiss tolls UMDDA's time requirement and that "[IAD] further supports the use of tolling"), review denied (Minn. Oct. 27, 2004); United States v. McKay , 431 F.3d 1085, 1091 (8th Cir. 2005) (concluding that defendant's pretrial motion tolled the IAD's trial period).
The district court erred by concluding that Roy's speedy-trial right under the IAD was violated because the court did not exclude from its calculation the 42 days between the filing of Roy's motion to dismiss and the court's resolution of the motion. Excluding the 42 days, the 180th day fell on February 12, 2018, not on December 30, 2017, as determined by the district court.[1] We therefore reverse the district court's dismissal of the complaint against Roy and remand for further proceedings.
Because we are reversing the district court's dismissal of the complaint on the basis that Roy was not deprived of his speedy-trial right under the IAD, we need not reach the state's additional arguments that Roy waived his right to a speedy trial under the IAD by not objecting to, and later affirming, the January 9, 2018 trial date, and that the district court erred by sua sponte dismissing the complaint without giving it notice and an opportunity to be heard. See Court Park Co. v. County of Hennepin , 907 N.W.2d 641, 645 n.4 (Minn. 2018) (declining to address issue when deciding case on other grounds).
DECISION
Because the district court erred in dismissing the complaint on the basis that the January 9, 2018 trial date violated Roy's 180-day speedy-trial right under the IAD, we reverse the dismissal of the complaint and remand to the district court for further proceedings.
Reversed and remanded.

Even without tolling the 180-day trial period while Roy's motion to dismiss was pending, the district court erred by determining that the 180th day fell on December 30, 2017. That day was a Saturday and the following Monday was New Year's Day, a court holiday. Without any tolling, the 180th day fell on January 2, 2018. See Minn. R. Civ. P. 6.01(a) (instructing on how to compute time requirements).