STATE OF MINNESOTA

IN SUPREME COURT

A22-0570

Court of Appeals                                                    Anderson, J.

State of Minnesota,

                    Respondent,

vs.                                                                Filed: May 8, 2024
                                                          Office of Appellate Courts
Michael Joseph Letourneau,

                    Appellant.

_____

Keith Ellison, Attorney General, Thomas R. Ragatz, Assistant Attorney General, Saint Paul, Minnesota; and

John Choi, Ramsey County Attorney, Saint Paul, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Saint Paul, Minnesota; and

Mark D. Nyvold, Special Assistant State Public Defender, Fridley, Minnesota, for appellant.
_____

S Y L L A B U S

The district court did not abuse its discretion under the Uniform Mandatory Disposition of Detainers Act, Minnesota Statutes section 629.292 (2022), by beginning trial beyond the statutory 6-month period after finding good cause for a continuance because defense counsel required additional time to prepare for trial.

Affirmed.

1

O P I N I O N

ANDERSON, Justice.

Appellant Michael Joseph Letourneau appeals from his judgment of conviction on two counts of first-degree criminal sexual conduct under Minnesota Statutes section 609.342, subdivision 1(b) (2020). On direct appeal, Letourneau claimed his statutory right to the speedy disposition of his cases was violated, and the court of appeals affirmed his convictions. *See State v. Letourneau*, No. A22-0570, 2023 WL 4311522 (Minn. App. July 3, 2023).[1]

This appeal involves interpreting the provisions of the Uniform Mandatory Disposition of Detainers Act ("UMDDA," or "the Act"), Minnesota Statutes section 629.292 (2022). On February 24, 2021, Letourneau signed a formal request that his trial commence within 6 months, as provided by the Act. The request was filed by Ramsey County Court Administration on March 8, 2021. During pretrial proceedings, Letourneau had multiple changes of counsel, as well as a continuance due to defense counsel's conflict that delayed resolution of pretrial matters. On August 16, 2021, the

---

[1] Oral argument in this matter occurred on February 7, 2024. On February 16, respondent filed a supplemental citation of authority that was consistent with Minnesota Rule of Civil Appellate Procedure 128.05. Subsequent filings by appellant were not consistent with that same rule. More generally, we remind the appellate bar of the language of the rule: "The letter must state *without argument* the reasons for the supplemental citations." Minn. R. Civ. App. P. 128.05 (emphasis added). And "[a]ny response must be made promptly and *must be similarly limited*." *Id.* (emphasis added). Put another way, supplemental citations of authority are permitted under the rule, but argument by any party is not permitted in supplemental citations of authority unless specifically authorized by court order. Because the supplemental authority provided to our court was not ultimately relevant to the disposition of this appeal, respondent's motion to strike is denied.

district court found good cause under Minnesota Statutes section 629.292, subdivision 3, to begin his trial in October, past the deadline otherwise required by the Act.

Letourneau argues that the district court abused its discretion in scheduling his trial past the statutorily required date because the court failed to ask Letourneau whether a delay in the start of the trial was required to prepare for trial and because the district court was uncertain as to the actual deadline to commence trial under the Act. Because the district court properly found good cause to continue the trial, we affirm.

## FACTS

Michael Joseph Letourneau was accused of sexually abusing the 13-year-old daughter of his former wife on two occasions in October of 2020. After discovering evidence of Letourneau's abuse in text messages, the mother reported the abuse to police. The daughter was interviewed at a hospital, where she disclosed details about the abuse. Records from Letourneau's cell phone corroborated the daughter's account.

In February 2021, a criminal complaint was filed in Ramsey County against Letourneau, charging him with two counts of first-degree criminal sexual conduct under Minnesota Statutes section 609.342, subdivision 1(b). The charges each carried presumptive sentences of 144 months. Minn. Stat. § 609.342, subd. 2 (2020). In February 2021, Letourneau was incarcerated for unrelated reasons, making him subject to the Uniform Mandatory Disposition of Detainers Act, Minnesota Statutes section 629.292. This statute, which applies to "[a]ny person who is imprisoned in a penal or correctional institution," allows incarcerated individuals to demand the speedy disposition of any pending criminal charges. *Id.*, subd. 1. An incarcerated individual seeking to invoke the

Act must make a formal request to the court in which the complaint is pending and to the prosecuting attorney. *Id.* The request is then sent by the Commissioner of Corrections (or the Commissioner's designee), to whom the request must be delivered under the Act, to the court and prosecuting attorney. *Id.*, subd. 2. Within 6 months of the receipt of the request by the court and prosecuting attorney, the individual must be brought to trial. *Id.*, subd. 3. The statute also provides, however, that the 6-month period may be extended for "such additional time as the court for good cause shown in open court may grant." *Id.*

Letourneau signed his request under the Act on February 24, 2021, and it was filed by Ramsey County Court Administration on March 8. On April 6, the Ramsey County Attorney's Office sent a letter to the "signing judge" requesting that a date be reserved for Letourneau's trial "on or before 9/3/2021."

Letourneau first appeared on the new charges on April 21, 2021, represented by a public defender who notified the court that another attorney (the second public defender) would be representing him going forward. During a pretrial discussion, the State noted that there was uncertainty regarding when Letourneau would be released from incarceration on his other criminal convictions; the district court understood Letourneau's release date to be February 2022. At another pretrial hearing on May 20, the district court suggested holding a pretrial conference on July 8, but Letourneau's attorney—the second public defender—reminded the court of a speedy trial demand made by Letourneau that

4

might require an accelerated process.[2] The court set an accelerated pretrial date for June 18. When the parties met again on that date, Letourneau was represented by a third public defender (Letourneau's second public defender was unavailable on June 18), who informed the court that Letourneau would have yet another public defender (the fourth public defender) representing him at proceedings occurring after June 18. Letourneau requested that a pretrial conference be scheduled in July. At this point, the State expressed concern that delaying a pretrial hearing until July might cause difficulties in meeting Letourneau's constitutional speedy trial demand that required a trial by July 20. The district court granted Letourneau's request for a July pretrial date and found good cause to waive the constitutional speedy trial deadline.

But because of scheduling conflicts involving Letourneau's fourth public defender, the hearing on July 20 never occurred, and the parties would not appear in court again until August 16, 2021. In summary, Letourneau had at least four public defenders representing him at various hearings over a period of several weeks and, for various reasons, the parties agreed to reschedule multiple hearings.

The district court, at the critical August 16 hearing—not entirely certain of the deadline set by the Act for commencement of trial—concluded for reasons that are not clear from the record that the Act required trial to commence between September 4 and

---

[2] This speedy trial demand by Letourneau was made pursuant to the Minnesota Constitution as codified in Minnesota Rule of Criminal Procedure 11.09(b), requiring a trial to begin within 120 days of a defendant entering a plea other than guilty. This demand is separate and distinct from a speedy disposition request under the Act and is not otherwise relevant to this dispute.

October 1, 2021. The court also noted that Letourneau would face minimum sentences of 12 years on each of the two counts pending against him and expressed concern as to whether the defense would be prepared if the trial began in time to meet the requirements of the Act. Additionally, the district court noted that Letourneau's fourth public defender—who would be the attorney representing Letourneau at trial—did not begin receiving case e-filing information until July. For these reasons, the district court concluded that good cause existed to delay the trial past the early September deadline required by the Act, setting a trial management conference for October 7 and a jury trial for October 11. Neither Letourneau nor his attorney objected to the district court's finding of good cause or the proposed dates for the discussion of trial management issues and the trial itself. Rather than voicing any objection, Letourneau's attorney stated that he would "defer to the state" regarding what time of day the October 7 trial management conference should begin. The rest of the proceedings on August 16 concerned possible plea offers.

When the parties met again on October 7, Letourneau personally complained about the failure to begin trial by the speedy disposition deadline, claiming trial was "way overdue." On October 11, the scheduled trial date, Letourneau's attorney again mentioned the speedy disposition request. He stated that the Act set a "very hard line" of 180 days for a trial start date, and that Letourneau believed he was entitled to a September 8 start date, 6 months after court administration received his March 8 request. Letourneau's motion to dismiss based on a violation of the Act was then taken under advisement to allow the parties time to review transcripts and evaluate the August 16 good cause finding and continuance order.

6

On October 12, Letourneau's attorney argued that the delays resulting in continuing the trial beyond the early September deadline set by the Act were not attributable to Letourneau. The State argued that good cause existed for the delays. The district court denied Letourneau's motion to dismiss because, at the August 16 hearing, the district court properly cited concerns regarding the ability of defense counsel to prepare for trial and the unavailability of public defenders as pretrial proceedings were occurring.

Following the October jury trial, Letourneau was found guilty on both counts against him and subsequently appealed, claiming his rights under the Act were violated. The court of appeals affirmed, holding that the district court did not abuse its discretion in finding good cause for a continuance because the delay was minimal and because Letourneau did not allege any prejudice caused by the delay. *Letourneau*, 2023 WL 4311522, at *4.

Letourneau now appeals, arguing that the district court abused its discretion by finding good cause for a continuance beyond the deadline set by the Act.

## ANALYSIS

We review the decision of a court to grant a continuance for abuse of discretion. *State v. Sanders*, 598 N.W.2d 650, 654 (Minn. 1999). And in assessing whether the district court properly exercised its discretion, we look to the provisions of the Uniform Mandatory Disposition of Detainers Act in Minn. Stat. § 629.292.

The Act provides that a court has no jurisdiction to hear a case if a trial does not begin by the appropriate date. Minn. Stat. § 629.292, subd. 3. It explains how the appropriate date is determined: The trial must occur "[w]ithin six months after the receipt

7

of the request . . . *or within such additional time as the court for good cause shown in open court may grant*, the prisoner or counsel being present, the indictment or information shall be brought to trial." *Id.* (emphasis added). Nothing in the Act requires formal findings, conclusions, or even a written order related to a good cause determination; all that is required, as relevant here, is a "good cause" finding by the district court.[3]

The central question presented here is whether the district court, at the August 16 hearing, properly found good cause for scheduling trial for early October, approximately a month later than the deadline provided by the Act. A district court must either set the trial within 6 months of the UMDDA request or, alternatively, determine whether to grant additional time for good cause. *State v. Wilson*, 632 N.W.2d 225, 228 (Minn. 2001). We noted specifically in *Wilson* that whether to grant a continuance was within the discretion of the district court. *Id.* We have limited precedent on good cause in this context to apply to the facts of this case. In *State v. Hamilton*, we concluded that there was no reason to disturb the ruling of a district court that good cause was shown for a continuance beyond the 6-month period required by the Act based on difficulty locating crucial witnesses. 268 N.W.2d 56, 62 (Minn. 1978).

Here, the district court, at its August 16 hearing before the 6-month deadline, found good cause on the record for a continuance. The court set a trial date in early October, after

---

[3]     The court must find in open court in the presence of the defendant that there is good cause as to why the defendant cannot be brought to trial within the 6-month time period set forth in the Act. *See* Minn. Stat. § 629.292, subd. 3. We conclude here that good cause existed for continuing the trial date for approximately 1 month. We stress, however, that a good cause determination by the district court permits only the minimum delay necessary under the circumstances.

the deadline required by the Act, and specifically found good cause for the additional delay. The court noted changes of counsel, administrative delays in properly providing notices to Letourneau's counsel, and scheduling issues involving his appointed counsel, which all resulted in a minimal delay. But the court was clearly most concerned about whether Letourneau's counsel could be prepared for a trial before early October on the charged felonies. The court observed that the charges against Letourneau called for minimum sentences of 12 years each and wanted the defense to "be fully prepared to match the state with such serious allegations on the table." Letourneau's fourth public defender (and eventual trial counsel) had not represented him at a court proceeding until the August 16 hearing. The court specifically held, "I'm going to make a finding of good cause based on attorney availability, attorney preparedness and the fact that I am setting this for a date certain." Letourneau's fourth public defender did not represent him at a court proceeding until the August 16 hearing and, significantly, at that hearing, Letourneau's counsel did not object to the new trial date in October or the district court's finding of good cause to continue the trial date.

Letourneau also argues that the district court should have asked his fourth public defender (and eventual trial counsel) whether he was prepared to go to trial within the next 3 weeks, rather than simply assuming additional time was necessary to properly prepare for trial. Given the procedural history of this prosecution, and the limited time left before the expiration of the time period provided by the Act, the court's assumption that additional time to prepare for trial was needed was entirely proper and not an abuse of discretion. In

any event, the court stated its reasoning on the record and ordered a minimal delay in the trial to protect Letourneau's rights, and no objection was made to that decision.[4]

We conclude, on this record, that the district court properly found good cause existed and did not abuse its discretion in delaying trial for approximately 1 month beyond the deadline as established under the Act.[5] We hold Letourneau's right to a speedy disposition under the Act was not violated, and the district court's reasonable continuance of the trial was not an abuse of its discretion.[6]

---

[4] Letourneau also claims that the district court's lack of certainty regarding the UMDDA deadline indicates an abuse of discretion, but he does not explain why this uncertainty matters. The district court noted the uncertainty regarding the deadline mentioning both September and October dates, but clearly stated, and found, that there was good cause for setting a definite date for the trial that was reasonable and that gave the defense adequate time to prepare for trial.

[5] The parties argue at some length about the application of our plain-error test here. Because we conclude that the district court committed no error, let alone an error that was plain, no further discussion of our plain-error jurisprudence is necessary.

[6] Although Letourneau did not specifically challenge the length of the continuance, we also conclude that the district court did not abuse its discretion in the length of continuance granted. In *Hamilton*, after concluding the district court's good cause finding was supported by the record, we considered the nature of the continuance. 268 N.W.2d at 62. We found the length of the continuance—about 1 month—was proper because "[t]he additional delay in defendant's trial was minimal" and he did not suffer prejudice by the delay. *Id.* Likewise, here, the length of delay clearly supports our conclusion that the district court did not abuse its discretion in continuing Letourneau's trial. Like *Hamilton*, the continued trial date resulted in a delay of approximately 1 month. Nothing about the length of the continuance, given the issues identified by the district court, suggests that it was excessive. Further, the length of the continuance was reasonable because it was not prejudicial; Letourneau did not argue before the court of appeals that he was prejudiced by the delay and has now only made a speculative claim of prejudice that does not establish that the district court abused its discretion.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the court of appeals.

Affirmed.